Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiffs
BACKGRID USA, INC. and
BACKGRID LONDON LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., BACKGRID LONDON LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> LIVEFOR MAGAZINE LTD., <br><br> *Defendant*. | Case No. 2:26-cv-02457 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br><br> *Jury Trial Demanded* |

Plaintiffs BackGrid USA, Inc. and BackGrid London Ltd., for their Complaint against Defendant LiveFor Magazine Ltd., alleges as follows:

## JURISDICTION

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2.  Plaintiff BackGrid USA, Inc. ("BGUS") is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. Plaintiff BackGrid London Ltd. ("BGUK") is a private limited company organized and existing under the laws of the country of the United Kingdom with its principal place of business in London, England.

4. BGUS and BGUK are premier celebrity news and photo agencies that provide the world's news outlets with real-time content from top photographers. They also maintain libraries of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

5. BGUS and BGUK license their photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

6. BGUS and BGUK conduct business as syndicators of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Joinder*

7. Joinder of plaintiffs BGUS and BGUK is appropriate under Rule 20 of the Federal Rules of Civil Procedure.

*Defendant*

8. On information and belief, defendant LiveFor is a private limited company organized under the laws of England and Wales.

9. LiveFor is an online magazine that, according to its website, is dedicated to "explor[ing] the finest in entertainment, lifestyle, celebrity, travel and more." While rooted in the United Kingdom, the online magazine offers a global perspective, making it appealing to international audiences. LiveFor holds itself out as having over "3 million discerning readers."

10. On information and belief, LiveFor owns, operates, or is responsible for the content of the social media account @liveforclass on Instagram.

///

*Personal Jurisdiction and Venue*

11. As a result of a Digital Millennium Copyright Act counternotification filed with Instagram, LiveFor has consented to personal jurisdiction in any judicial forum in the United States in which Meta Platforms, Inc., the corporate owner of Instagram, may be found.

12. On information and belief, Meta Platform can be found in the State of California and in this judicial district.

13. Accordingly, this Court has personal jurisdiction over LiveFor.

14. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

15. BGUS is the owner and copyright holder of nine photographic images (the "BGUS Images") depicting celebrities and other well-known individuals in public.

16. BGUK is the owner and copyright holder of 11 photographic images (the "BGUK Images," together with the BGUS Images, the "Images") depicting celebrities and other well-known individuals in public.

17. All the BGUS Images and BGUK Images are registered with the United States Copyright Office and were registered within 90 days of first publication.

18. BGUK obtained ownership of the copyright in some of the BGUK Images, along with the right to sue for any infringement, from Xposure Photo Agency Inc. by written assignment.

19. Neither BGUS nor BGUK licensed the Images to defendant. Yet defendant used the Images without authorization or permission to do so.

20. Defendant or its agents copied each of the Images from Internet sources—on information and belief including legitimate licensees of BGUS and BGUK—stored the Images on its servers, and displayed the Images on its Instagram account @liveforclass, using them to boost user engagement, increase shareability on social media, lend credibility to content, and direct users to its website

liveformagazine.com, all of which contributed to the growth and reputation of LiveFor's digital presence.

21. The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BGUS and BGUK stood to gain revenue from licensing them.

22. But defendant's unauthorized use of the Images harmed the existing and future market for the Images. Defendant's posts made the Images immediately available to its followers and to the public, including consumers of lifestyle, celebrity, travel, entertainment, streetwear, and high fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BGUS's and BGUK's customers.

23. Defendant's unauthorized use of the Images also harms BGUS's and BGUK's business model by driving down the prices for legitimately licensed celebrity images and driving away plaintiffs' actual and potential customers. Plaintiffs' customers—among them, media companies who compete with defendant and, unlike defendant, pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

24. Plaintiffs sold and offered for sale all but one of the Images on a Premium Exclusive basis, meaning that they depict celebrities or situations that are in extremely high demand and they are the only photographs available of specific celebrities and situations in the world (because no other photographers were present at the time the photographs were taken). For those reasons, Premium Exclusive Images command a higher licensing fee and are more valuable.

25. In addition, defendant's unauthorized uses of the Images are commercial in nature. Defendant uses in-demand content about popular celebrities to promote its digital platform.

26. Indeed, on information and belief, defendant specifically posted the Images on Instagram to increase sales of its product. On information and belief, defendant knew that because of the Images' depictions of popular celebrities, users would be attracted to view the Images and thus more likely to subscribe and follow the LiveFor social media accounts and website and engage with and share the digital platform's content, thus enhancing its reach and online influence.

27. As a company in the digital publishing industry, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

28. All prior paragraphs are incorporated into this claim.

29. Plaintiffs are the authors and or/copyright owners of the protected Images named above in this Complaint.

30. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiffs' authorization or license.

31. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

32. Plaintiffs have complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

33. Plaintiffs suffered damages as a result of defendant's unauthorized use of the Images.

34. Having timely registered its copyright in the Images, plaintiffs are entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

35. Plaintiffs allege, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiffs' copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

36. In the alternative, plaintiffs are entitled to recovery of their actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

37. Within the time permitted by law, plaintiffs will make their election between actual damages and profit disgorgement, or statutory damages.

38. Plaintiffs are also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiffs for their profits and any damages sustained by plaintiffs arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiffs' authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues permitted by law.

Dated: March 6, 2026          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
        Peter E. Perkowski

Attorneys for Plaintiffs
BACKGRID USA, INC. and
BACKGRID LONDON LTD.